# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-2021 PA (SPx) | Date | October 25, 2017 |
|---|---|---|---|

| Title | Deutsche Bank Nat'l Trust v. Antonio Acevedo, et al. |
|---|---|

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Antonio and Eugenia Acevedo ("Defendants") on October 3, 2017. In its Complaint, plaintiff Deutsche Bank National Trust Company, as trustee for GSAA Home Equity Trust 2007-5 Mortgage Pass-Through Certificates, Series 2007-5 ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of: (1) federal question jurisdiction under 28 U.S.C. § 1331; (2) diversity jurisdiction under 28 U.S.C. § 1332; (3) 28 U.S.C. § 1343, which provides that district courts shall have original jurisdiction of any civil action authorized by law to redress civil rights violations; and (4) 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal civil rights of citizens of the United States"

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-2021 PA (SPx) | Date | October 25, 2017 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust v. Antonio Acevedo, et al. | | |

as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Accordingly, this action does not "arise under" federal law. Moreover, Defendants' references to 42 U.S.C. § 1983, and the Sixth and Fourteenth Amendments, do not constitute a proper basis for removal because neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). For similar reasons, Defendants' reliance on 28 U.S.C. § 1343 is misplaced. Specifically, 28 U.S.C. § 1343 provides that district courts shall have original jurisdiction where the plaintiff seeks redress for the deprivation of his or her civil rights. However, Plaintiff has not asserted any claims for civil rights violations. Instead, Plaintiff's Complaint alleges only a single cause of action for unlawful detainer. 28 U.S.C. § 1343 therefore does not provide a proper basis for removal.

Defendants have also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."); Inmexti, S. de R.L. de C.V. v. TACNA Services, Inc., No. 12-cv-1379 BTM (JMA), 2012 WL 3867325, at *2 (S.D. Cal. Sept. 6, 2012) ("When determining the citizenship of a domestic LLC or LLP, the court looks to the citizenship of each member.").

Here, Defendants have failed to establish that there is complete diversity or that the amount in controversy exceeds $75,000. First, neither the Complaint nor the Notice of Removal affirmatively allege the parties' citizenship. Second, in unlawful detainer actions, the title to the property is not involved; only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than by the value of the subject real property. Id. Here, Plaintiff's Complaint specifically alleges that damages do not exceed $10,000. Given that the value of the subject real

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-2021 PA (SPx) | Date | October 25, 2017 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust v. Antonio Acevedo, et al. | | |

property is not in controversy, Defendants have failed to show that this action meets the amount in controversy requirement for diversity jurisdiction.

Finally, the Notice of Removal's invocation of 28 U.S.C. § 1443 do not support removal. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006) (internal citations and quotation omitted).

Defendants do not allege any facts that would support removal under § 1443 and therefore Defendants meet neither part of the Supreme Court's test in Georgia v. Rachel. There is no allegation or any other indication that Defendants have properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim because the state court is unable or unwilling to enforce such a claim. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under 28 U.S.C. § 1443.

For the foregoing reasons, Defendants have failed to meet their burden of showing that this Court possesses subject matter jurisdiction over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Riverside County Superior Court, Case No. RIC 1716981. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.